THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| GOULD EVANS ASSOCIATES, LLC, | ) | Case No.  2:08CV00494 DS |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| JRD, LLC ET AL., | | MEMORANDUM DECISION |
| Defendants. | ) | AND ORDER |

JRD, LLC ET AL.

| | | |
|---|---|---|
| Counterclaim Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| GOULD EVANS ASSOCIATES, LLC, ET AL., | ) | |
| Counterclaim Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Defendants JRD, LLC ("JRD") and Craig Jacobs ("Jacobs") move for Partial Summary Judgement (Doc. #46) as to Plaintiff's claims for mechanics' lien foreclosure  (Fourth Claim) and for release of mechanic's lien bond (Fifth Claim).  Defendant State Farm Fire and Casualty Company ("State Farm") joins in the motion (Doc. #48).

The material facts are not in dispute.  Plaintiff Gould Evans Associates, LLC ("Gould") provides architectural services. Defendant JRD was desirous of commercially developing certain real estate in Salt Lake County.  The parties contracted for services.

A dispute later arose.  Gould filed a mechanic's lien  against the property on July 13, 2006.  It subsequently filed an action to foreclose the lien in Utah State Court on January 3, 2007 (the State Action").  Gould also filed a Lis Pendens with the Salt Lake County Recorder's Office.  JRD filed a Notice of Release of Lien and Substitution of Alternate Security which was recorded on May 9, 2007.  Gould filed its First Amended Complaint on May 16, 2007, which added a claim against the lien release bond.  Gould filed an action to foreclose the lien in this Court on January 26, 2008 (the "Federal Action").   The State Action was dismissed on March 11, 2009, for failure to respond to an order to  show cause.  The subject real property was sold at a Trustee's sale on December 31, 2009.

## II.   SUMMARY JUDGEMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law.  The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1]  *E.g., Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  This burden has two distinct components:  an initial burden of production on the moving party,

---

[1] Whether a fact is material is determined by looking to relevant substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. 242.

## III. DISCUSSION

### A. Timeliness of Gould's Mechanic's Lien Foreclosure Action for purposes of the this action. (Fourth Claim)

It is undisputed that a lien claimant must file a foreclosure action within 180 days after the day on which the Notice of lien was filed. Utah Code Ann. § 38-1-11. A notice of pendency of action is to be filed within the same time frame. Id. § 38-1-11(3). Gould asserts that it complied with both those requirements when it filed its State Action.

As previously noted, the State Action was dismissed on March 11, 2009. Defendants urge that because the Federal Action to foreclose the lien was not filed until January 26, 2008, approximately 703 days after the day on which Gould filed its lien,

the Federal Action to foreclose the lien is untimely. In short, Defendants urge that Gould cannot piggy back on the dismissed State Action to somehow bring the present Federal Action within the 180 day time requirement of Utah's lien foreclosure statute.

Gould counters that it complied with the time requirements set out in Utah Code Ann. § 38-1-1, *et seq.*, when it filed its State Action, and urges, without citation to authority, that because the parties were the same in both the State Action and the Federal Action, and because all parties had notice of the claims of both cases, equitable principles dictate that it be allowed to pursue all of its claims for relief in this action.

Here, as noted, Gould filed its notice of lien followed by an action to foreclose the lien in state court. While the State Action was pending, Gould also filed an action to foreclose the same lien in federal court. The Federal Action was filed significantly beyond the 180 day requirement to file an action to foreclose the lien. The State Action was subsequently dismissed for failure to respond to an order to show cause. The question is whether timely notice of the lien foreclosure action in state court carries over to the later and untimely filed Federal Action. In other words, is the Federal Action compliant with the 180 day statutory requirement, even though it was filed well after 180 days.

In Utah, an untimely action to enforce a mechanics' lien is jurisdictional and forecloses the right. *AAA Fencing Co. v. Raintree Development & Energy Co.*, 714 P.2d 289, 290-91 (Utah 1986) In that case the court noted that the time limit provided to bring an action to enforce mechanics' liens "'is not a statute of limitations, which is waived if not pleaded, but a statute limiting the duration of the lien. The remedy forms a part of the right and must be pursued within the time prescribed, or else both are lost. If an action is not brought within the time limited, the court is without jurisdiction to decree a foreclosure....'" *Id*. at 291(quoting *Fleshman v. Whiteside*, 34 P.2d 648, 650 (Or. 1934)).

Without citation to authority, Gould argues only that it be allowed to proceed as a matter of fairness and equity. "Although liens and pleadings arising under the statute will be liberally construed to effect the desired object, compliance with the statute is required before a party is entitled to the benefits created by the statute." *Id.* Although it contends that it has complied with the 180 day requirement for purposes of its State Action, Gould offers no authority or explanation for its position that this Federal Action also is timely for purposes of Utah's Mechanics' Lien Statute. And although as a general rule, substantial compliance with the mechanics' Lien Act is all that is required, *Projects Unlimited, Inc. v. Copper State Thrift & Loan Co.*, 798 P.2d 738, 743 (Utah 1990), here the 180 day foreclosure requirement

is jurisdictional and divests the Court of jurisdiction. *AAA Fencing Co.* 714 P.2d at 290-91. The harsh fact is that Gould did not file its Federal Action within the 180 day statutory period.

The Court, therefore, concludes that Plaintiff having failed in its shifted burden of proof to establish that it complied with the requirements of Utah's mechanics' lien foreclosure requirements for purposes of the present action, the Court is without jurisdiction.

**B. Timeliness of Gould's Bond Claim (Fifth Claim)**

A lien claimant has the same time to pursue a claim against the lien release bond as he would have to pursue an action to foreclose his notice of claim of mechanic's lien, otherwise the bond shall be discharged and released. Utah Code Ann. § 38-1-28(5). Here the Notice of Release of Lien and Substitution of Alternate Security was recorded on or about May 9, 2007. Gould filed its First Amended Complaint in the State Action on May 16, 2007, which added a claim against the lien release bond. While Gould also included a claim against the lien release bond in its Federal Action, the Federal Action was not filed until January 26, 2008, well beyond the 180 day statutory time limit provided in Utah's Mechanics' Lien Statute. Defendants urge that dismissal of Gould's state action ended any recovery available on the mechanics' lien bond. For the reasons discussed, the Court agrees.

**IV CONCLUSION**

For the reasons stated, as well as for those reasons outlined by Defendants in their pleadings, Defendants' Motion for Partial Summary Judgment (Doc. #46 & #48) is granted.

DATED this 7th day of July, 2011.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT